F I L E D
Clerk
District Court

JUN 28 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TOMOYUKI NAGATA, DR. JUN TAKIMOTO, MAYUMI TAKIMOTO AND S. T., A MINOR BY HER NEXT BEST FRIEND HER MOTHER, MAYUMI TAKIMOTO,<br><br>Plaintiffs,<br><br>vs.<br><br>BRENT J. HINKEMEYER, TAGA AIR CHARTER SERVICES, INC., TINIAN DYNASTY HOTEL, INC., HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENT, LTD., and DOES 1-75,<br><br>Defendants. | CIVIL CASE NO. 08-0034<br><br><br>**MEMORANDUM DECISION DENYING CNMI DEPARTMENT OF LABOR'S MOTION TO INTERVENE** |

## I. INTRODUCTION

In the fallout of the Tinian Dynasty Hotel Inc.'s legal and financial troubles, (*see, e.g., United States v. Hong Kong Entertainment (Overseas) Investment, Ltd.*, 1:13-cr-0002; *In re Hong Kong Entertainment (Overseas) Investment, Ltd.*, 1:15-bk-0006), many individuals with ties to the organization have found themselves left in the lurch. The current motion pits two such groups of persons against each other: (1) the Plaintiffs, victims of a plane crash to whom Hong Kong Entertainment (Overseas) Investment, Ltd. ("HKE"), the Tinian Dynasty's alter ego, had been making payments under a court-approved settlement agreement; and (2) the employees of

1

the Tinian Dynasty ("the employee victims"), represented here by the CNMI Secretary of Labor, who worked for weeks without receiving pay. The employees have now been paid their back wages, but HKE has declined to pay liquidated damages in accordance with a settlement agreement with the Secretary, apparently based on language in this Court's recent Judgment in favor of Plaintiffs that prohibits "the sale or transfer of any of [HKE's] personal property, except in the normal course of business," without further order of the Court. (Judgment, ECF 38.) The Secretary now seeks to intervene to alter the injunction in the Judgment to allow the payment of liquidated damages to the workers. (Mot. to Intervene, ECF No. 31.)

The Court held a hearing on the motion to intervene and issued an oral ruling denying the motion on April 20, 2016. (Min. Entry, ECF No. 39.) This decision memorializes that oral ruling.

## II.    BACKGROUND

*Plaintiffs*. In August 2006, a flight from Saipan to Tinian carrying Plaintiffs crashed just after takeoff. (Mot. to Enforce Settlement 2, ECF No. 28.) Plaintiffs suffered injuries and sued the pilot, the airline, and Tinian Dynasty/HKE. (*Id.*) The next year, the parties reached a settlement agreement under which the plane crash victims would be compensated in monthly installments. (*Id.* at 3.) The Court dismissed the lawsuit in February 2010 on the stipulated motion of the parties, but expressly retained jurisdiction to enforce the settlement agreement. (Order Dismissing Case, ECF No. 26.)

In December 2015, HKE ceased making payments under the settlement agreement, and Plaintiffs filed an enforcement motion in this Court. HKE offered no opposition. (ECF No. 29.) The Court granted the motion on March 10, 2016 (Min. Entry, ECF No. 30), and ordered HKE not to dispose of any personal property outside the normal course of business pending further

order of the Court. (Judgment 3.) It appears that Plaintiffs have not yet been paid the amounts due in the Judgment, and it remains in place.

*The Employee Victims*. From approximately August 2015 through January 2016, HKE failed to pay its employees their wages. (Secretary of Labor Edith Deleon Guerrero Decl. Ex. 1, "Stipulated Settlement and Consent Judgment," ECF No. 32.) The CNMI Department of Labor brought an administrative enforcement action against HKE for the back wages on behalf of the employee victims, and on February 23, 2016, the Secretary of Labor entered into a settlement and consent judgment. (*Id.*) The terms of the agreement required HKE to pay all back wages, and liquidated damages worth 25% of that amount, to the employee victims. (*Id.*) HKE paid the back wages, but not the liquidated damages, presumably out of concern that the liquidated damages ($416,241.37) would not be an expense in the "normal course of business" as required by the Court's injunction. (Memo. in Support of Mot. to Intervene 2, ECF No. 33.)

### III.   DISCUSSION

The Secretary of Labor seeks to intervene in this matter to modify the Court's injunction to allow HKE to pay the employee victims liquidated damages as it satisfies its judgment for Plaintiffs. Plaintiffs oppose the Secretary's motion. (Opp'n, ECF No. 34.) HKE takes no position. (Notice of Non-Position, ECF No. 37.)

Plaintiffs make four arguments against intervention: (1) the Secretary lacks statutory authority to intervene; (2) the Court lacks subject matter jurisdiction over the Secretary's claims; (3) there is no practical way to manage the intervention fairly; and (4) the Secretary lacks any interest in the subject matter of plane crash victims' lawsuit, as required by Rule 24(a). (Opp'n 2–5.) The Secretary responds that her authority includes "bring[ing] any legal action necessary to collect the claim" for back wages pursuant to 4 CMC § 9244(c). (Reply 2, ECF No. 36.) The

Secretary also points out that jurisdiction is satisfied in this limited intervention because she "does not seek to litigate a claim on the merits." (Reply 2–3.) With respect to plane crash victims' practical concerns, the Secretary contends that "both Plaintiffs and Labor can collect the full amount of their judgments" if the order is modified, and that therefore there will be no prejudice to either side. (Reply 3.) Finally, the Secretary argues that she has a protectable interest in the subject matter of the lawsuit because the "Court's order makes Labor's administrative penalties unenforceable." (Reply 3.) The Court must deny the motion because the Secretary cannot satisfy the requirements of intervention as a matter of right under Rule 24 of the Federal Rules of Civil Procedure.[1]

Rule 24 governs intervention as of right: the Court must allow anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party is entitled to intervene in the Ninth Circuit if she meets four conditions:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

---

[1] Because the Court will deny the motion to intervene on the basis of Rule 24, it declines to address Plaintiffs' other arguments on the merits. With respect to jurisdiction, however, the Court agrees with the Secretary that it has jurisdiction to decide this matter. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (stating that "no independent jurisdictional basis is needed" when intervenors "ask the court only to exercise the power which it already has, *i.e.*, the power to modify" its own order). Here, because the Secretary only wishes the Court to modify its own order, a federal jurisdictional hook outside that basic power of modification—e.g., diversity or federal question—is not needed. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 782–83 (1st Cir. 1988) (a court may modify its own effective order in the same way a chancery court at common law could modify an existing injunction).

1  *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Rule 24(a) is construed liberally in
2  favor of potential intervenors. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th
3  Cir. 2006).

4       As an initial matter, the parties do not seem to dispute that the Secretary's motion was
5  timely—it was filed only one week after the Court held its hearing and issued its ruling on
6  Plaintiffs' underlying motion. Similarly, the parties seem to agree that the Secretary's interest is
7  not protected by the existing parties. After all, HKE did not oppose Plaintiffs' action. This matter
8  will therefore live or die based on the second and third requirements under Rule 24(a). The
9  Secretary can satisfy neither.

10      In *United States v. Alisal Water Corp.*, the Ninth Circuit upheld the denial of intervention
11 to a judgment creditor who "asserts that although it lacks an interest relating to the
12 environmental issues that are the subject of the liability phase of the action, the award of
13 penalties in the remedies phase will affect its interests as a creditor." 370 F.3d 915, 920 (9th Cir.
14 2004) ("regardless of the phase of litigation at which an interest arises, that interest must be
15 related to the underlying subject matter of the litigation"). Here, the Secretary's case has nothing
16 to do with the plane crash at the heart of this action. *See Flying J, Inc. v. Van Hollen*, 578 F.3d
17 569, 571 (7th Cir. 2009) (Posner, J.) ("the fact that you might anticipate a benefit from a
18 judgment in favor of one of the parties to a lawsuit—maybe you're a creditor of one of them—
19 does not entitle you to intervene in their suit"). Therefore, because the Secretary's case does not
20 relate to the "property or transaction that is the subject of the action," intervention must be
21 denied.

22      The Secretary attempts to distinguish *Alisal Water* on the grounds that the district court in
23 that case had established a claims review process and that the creditor could potentially recover

24

1  from the debtor's subsidiary, but the Ninth Circuit did not base its holding on those findings. *See*
2  370 F.3d at 921 (addressing the claims review process in the alternative under the practical
3  impairment prong of the test). The Secretary's claim appears to be more in line with a case *Alisal*
4  *Water* discredited, *Ghazarian v. Wheeler*, 177 F.R.D. 482, 486–87 (C.D. Cal. 1997), in which a
5  district court granted intervention to a medical provider "in an accident-related settlement to
6  protect its statutory lien covering the costs of medical care provided to the plaintiff." 370 F.3d at
7  920 n.3 ("A mere interest in property that may be impacted by litigation is not a passport to
8  participate in the litigation itself.").

9        The third requirement—that the Secretary's interest be prejudiced by this proceeding—
10  cannot be satisfied either. As the Secretary admits in her Reply, "both Plaintiffs and Labor can
11  collect the full amount of their judgments." (Reply 3.) In other words, the Secretary can collect
12  just as soon as Plaintiffs do. Because Plaintiffs have been proactive in collection activities, it is
13  both reasonable and practical to anticipate the timely satisfaction of the Court's Judgment. The
14  Court concludes that, because the Secretary cannot satisfy the requirements of Rule 24, the
15  motion to intervene must be denied.

16        However, this conclusion does not end the Court's analysis. As a matter of law, the
17  Secretary is not entitled to relief, but the Court is mindful that its injunction on HKE's payments
18  not in the normal course must be subject to equitable considerations. *See United States v. Swift &*
19  *Co.*, 286 U.S. 106, 114 (1932) (Cardozo, J.) (noting "the power of a court of equity to modify an
20  injunction in adaptation to changed conditions" by "force of principles inherent in the
21  jurisdiction of the chancery"). Presently, based on the representations of the Secretary and
22  Plaintiffs, it appears that there will only be a brief delay between full payment to one set of
23  victims and full payment to the other. Such a brief delay in full payment is an ordinary
24

circumstance insufficient to invoke equity; neither party expects that HKE will find itself unable to pay. *See Gazaille v. McDonald*, 27 Vet.App. 205, 214 (2014) (Greenberg, J., concurring) (stating that the "ability of a court to right a demonstrated wrong is intrinsic to the basic concept of equitable powers" (citing *Monmouth Lumber Co. v. Indemnity Ins. Co. of North America*, 21 N.J. 439, 450–51, 122 A.2d 604 (1956) (refusing to apply "the strictly legal principles of priority among creditors" in "extraordinary circumstances" where "countervailing equities call for relief") (citations omitted)). To be clear, should the ordinary delay in resolving the Judgment become extraordinary, or should other events make the injunction function as a tool of oppression rather than justice, the Court remains open to future motions for modification. *See Swift & Co.*, 286 U.S. at 113 (no matter how appropriate an injunction may be when issued, subsequent events may render it "useless and oppressive" later).

## IV.   CONCLUSION

Ultimately, the Court is hopeful that this dispute will prove more academic than practical. There appear to be sufficient assets to fully compensate both Plaintiffs and the employee victims. Nevertheless, because the Secretary cannot satisfy the requirements of Rule 24, IT IS HEREBY ORDERED that the Secretary's motion to intervene (ECF No. 31) is denied.

SO ORDERED this 28th day of June, 2016.

/s/ *signature*
RAMONA V. MANGLONA
Chief Judge